Strafford,
No. 5229.

ARTHUR R. ABBOTT

*v.*

RAYMOND S. WATSON, *Ex'r Estate of Elihu W. Hayes.*

Argued June 2, 1964.
Decided July 17, 1964.

*Cooper, Hall & Walker* (*Mr. George W. Walker* orally), for the plaintiff.

*Fisher, Parsons, Moran & Temple* (*Mr. Harold D. Moran* orally), for the defendant.

KENISON, C. J.   The decedent Elihu Hayes, with "considerable experience in investing" in the stock market purchased the stock with his own funds, with the plaintiff paying the transfer and brokerage fees.   Each stock certificate was listed in the names of the decedent "and Arthur R. Abbott as joint tenants with right of survivorship and not as tenants in common."   The certificates were delivered by the decedent to the plaintiff during October and November of 1960, along with a bankbook which belonged to the decedent.   During the winter of 1960-61 the decedent requested the bankbook which was turned over to him by the plaintiff.   No mention was made of the stock certificates. In February 1961, Robert Watson was appointed as conservator

of the decedent and in March of that year demanded that the plaintiff turn over the stock certificates. The plaintiff attempted to contact four attorneys but was unable to reach them and upon the advice of his wife not to have any trouble turned over three of the stock certificates retaining the fourth. The decedent died in April 1961 and the defendant was appointed executor under his will in May of that year. The executor was named as residuary legatee under the will which contained no specific bequests of the stock in question.

The Court below made the following findings: "It was the intent of Hayes to make a joint tenancy gift to the plaintiff, subject to the plaintiff paying small transfer or brokerage fees. When the stock certificates were delivered to the plaintiff the gift was completed. The gift was not made in expectation of death . . . The surrender of the stock certificates by the plaintiff was not intended to be a renunciation of his interest, nor did it act as such . . . At no time during the lifetime of Elihu Hayes was any demand made upon the petitioner by Mr. Hayes or by Robert Watson, Conservator of the Estate of Elihu Hayes, that he endorse or transfer any stock back to Elihu or that he take any steps other than the surrender of the stock certificates to sever or terminate the joint tenancy."

The defendant contends that the gift of the stock certificates was made in expectation of death and was invalid because not in compliance with RSA 551:17. This statute reads as follows: "*Donatio Causa Mortis.* No gift in expectation of death, often called *donatio causa mortis*, shall be valid, unless the actual delivery of the property to the donee shall be proved by two indifferent witnesses, upon petition of the donee to the judge to establish such gift, filed within sixty days after the decease of the donor." Admittedly there was no compliance with this statute but the evidence does not compel a finding that the gifts were made in expectation of death. *Blazo* v. *Cochrane*, 71 N. H. 585; *Burns* v. *Nolette*, 83 N. H. 489. There was competent evidence from which the master could find that the decedent intended to make an inter vivos joint tenancy gift of the stock to the plaintiff and that the delivery of the stock certificates was made to the plaintiff for that purpose. I Christy, Transfer of Stock (3d *ed.* 1962) *s.* 75; Rogers, Joint Ownership of Corporate Stock, 13 U. of Pitt. L. Rev. 498, 506 (1952). See *Reynolds* v. *Kenney*, 87 N. H. 313; *Anderson* v. *Lord*, 87 N. H. 474. The fact that the decedent retained the dividends from the

stock did not convert it into a gift in contemplation of death. 4 Corbin, Contracts, *s.* 915 (1951); *Kintzinger* v. *Millin*, 254 Iowa 173; 3 Williston, Contracts (3d *ed.* 1960) *s.* 439.

The final question is whether the surrender of the three stock certificates by the plaintiff on demand of the decedent's conservator operated to terminate the plaintiff's interest in the joint tenancy gift of the stock certificates. This surrender was made under protest and only after the plaintiff was unable to locate any attorney for advice. There was evidence that the plaintiff assumed that the conservator's demand for the stock certificates was pursuant to a court order. This was not the case. The master has found as a fact and ruled as a matter of law that this surrender of the stock certificates was not intended to be a renunciation of plaintiff's interest therein and did not act as such. Under these circumstances the Court was justified in finding and ruling that there had not been an effective termination of the joint tenancy gift. Annot. 64 A.L.R. 2d 918, 941; Swenson & Degnan, Severance of Joint Tenancies, 38 Minn. L. Rev. 466, 487 (1954); *Young* v. *Paquette*, 341 Mass. 67. Accordingly the order is

*Judgment on the verdict.*

All concurred.